**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JAMAR ERIC JOHNSON, | ) | |
| | ) | Case No. 3:26-cv-61 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| WARDEN SHAWN PHILLIPS | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Petitioner, a state prisoner, filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254 challenging his 2015 Knox County, Tennessee, conviction for robbery based on claims of actual innocence and ineffective assistance of counsel (Doc. 1) that is now before the Court for screening. Petitioner acknowledges that the § 2254 petition is untimely but asserts that the Court may consider his untimely petition due to his actual innocence claim and under *Martinez v. Ryan*, 566 U.S. 1, 9, 17 (2012) (*id.* at 6). But Petitioner has not set forth a credible claim of actual innocence that could render his petition timely, and *Martinez* is not grounds for equitable tolling of the statute of limitations. Accordingly, this action will be **DISMISSED** as untimely.

## I.     STANDARD

A court may grant a writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243. This review requires the court to dismiss the petition without a response "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court[.]" *See* Rule 4, Rules Governing Section 2254 Cases in the United States District (§ 2254 Rule(s)).

The statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for habeas corpus actions, and this period begins to run on the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

## II.    ANALYSIS

According to his petition, the relevant judgment of conviction against Petitioner for robbery was entered on September 17, 2015 (Doc. 1, at 1). Petitioner did not appeal that judgment or file any other "petition(s), application(s)[,] or motion(s) concerning this judgment of conviction in any state court" until August 4, 2025, when he filed a "Petition for Writ of Certiorari and Supersedeas" with the Knox County Criminal Court (*id.* at 2).

As Petitioner did not file an appeal regarding his conviction within the thirty days in which he could have done so under Tennessee law, *see* Tenn. R. App. P. 4(a), the AEDPA

2

statute of limitations began to run on October 19, 2015, when his time to file any such appeal expired. *See, e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee habeas corpus petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so ended). The AEDPA's one-year statute of limitations then expired on October 20, 2016, without Petitioner filing any state or federal challenge to his conviction. And while Petitioner filed a challenge to his relevant robbery conviction on August 4, 2025, this filing had no effect on the long-expired AEDPA statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run") (citation omitted).

The Court will first address Petitioner's assertion that his actual-innocence claim entitles him to review of his untimely claims before addressing his assertion that *Martinez* "is a clearly established exception to the statute of limitations" (*id.* at 6).[1]

---

[1] Petitioner also states that he did not exhaust his state remedies due to the "[p]ervasive ineffective assistance of [his trial attorney] Nicholas W. Lee" (*id.* at 3). Even if the Court could liberally construe this allegation to assert that the ineffective assistance of Attorney Lee entitles Petitioner to equitable tolling of the statute of limitations, which it cannot, Petitioner provides no facts from which the Court can construe it as anything other than a "garden variety claim of excusable neglect" on the part of Attorney Lee, which generally does not entitle a habeas corpus petitioner to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651–52 (2010); *Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day"). Nor does Petitioner set forth any facts indicating that despite him diligently pursuing his rights, an extraordinary circumstance kept him from timely seeking federal habeas corpus relief, and neither his pro se status or unfamiliarity with the law excuse his untimely filing. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463–64 (6th Cir. 2012) (citing *Winkfield v. Bagley*, 66 F. App'x 578, 583–84 (6th Cir. 2003)). Thus, the Court will not further address the merits of this allegation. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (providing that the party seeking equitable tolling bears the burden of demonstrating its applicability).

3

### A. Actual Innocence

Actual innocence, if proved, serves as a gateway through which a petitioner may obtain review of his otherwise barred or untimely claims of constitutional violation. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *see also Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006). In this context, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation and internal quotation marks omitted). Invocation of this exception requires the claim of innocence to be credible. *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012) (citing *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005)). To be credible, a claim of actual innocence must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. To establish his entitlement to the actual-innocence exception, a petitioner bears the burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *McQuiggin*, 569 U.S. at 386; *Schlup*, 513 U.S. at 327. Moreover, an actual-innocence claim does not entitle a habeas corpus petitioner to relief under § 2254 but instead is only a "gateway" through which a petitioner may obtain a merits review of claims that are otherwise barred. *Smith v. Nagy*, 962 F.3d 192, 206 (6th Cir. 2020) (noting that an actual innocence claim "does not by itself provide a basis for relief" but instead "provides a 'gateway' for the habeas petitioner 'to have his [or her] otherwise barred constitutional claim considered on the merits.'" (citing *Schlup*, 513 U.S. at 314–15)).

In his petition, Petitioner does not present any new evidence to support his actual-innocence claim. To the contrary, Petitioner states only that he was accused of robbing a man of

a cellphone at gunpoint, but law enforcement "never discovered" a gun, the state never produced a gun in discovery, and his counsel "told [Petitioner] that there w[ere] fingerprints on the door of the passenger-side to overborn [Petitioner]'s will to demand trial" (*id.* at 2). But nothing in the petition suggests that the lack of a gun or the information regarding fingerprints is "new" in any way. Accordingly, it is apparent from the face of the petition that Petitioner cannot avail himself of an actual innocence gateway claim to present his untimely ineffective assistance of counsel claims.

**B.** *Martinez*

Petitioner also asserts that his petition is timely based on the *Martinez* exception to the doctrine of procedural default. The Supreme Court described the *Martinez* exception as follows:

> [The exception] allow[s] a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim;" and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 13–14, 16–17). Liberally construing the petition in Petitioner's favor, it appears that he asserts that the *Martinez* exception entitles him to equitable tolling of the statute of limitations for his claims because he did not have counsel to file a post-conviction petition on his behalf. But by its terms, *Martinez* only excuses a procedural default of claims, not a failure to timely file claims, and it therefore does not allow Petitioner to bring untimely claims. *See*, *e.g.*, *Cradic v. Lee*, No. 3:17-CV-00522, 2018 WL 3625445, at *4 (E.D. Tenn. July 30, 2018) (holding that "'[s]imply put, the *Martinez* exception does not work to excuse a petition that is time-barred'") (quoting *Taylor v. Cook*, No. 1:13-CV-220, 2015 WL 1534519, at *4 (E.D. Tenn. April 6, 2015)).

5

As such, it is apparent from the face of the petition that the claims therein are untimely, and the Court will dismiss the petition on this ground.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA will not issue.

## IV. CONCLUSION

For the reasons set forth herein, this federal habeas petition will be **DISMISSED** as time barred. A certificate of appealability **SHALL NOT ISSUE**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

> **/s/ *Travis R. McDonough***
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**

6